**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PHILLIP H. INKEL,

      Plaintiff,

      v.

STATE OF CONNECTICUT, ET AL.,

      Defendants.

No. 3:14-CV-01303 (MPS)

**MEMORANDUM OF DECISION**

## I.    INTRODUCTION

On December 11, 2014, the Court granted Plaintiff Phillip H. Inkel's ("Mr. Inkel")

motion to proceed *in forma pauperis*, dismissed without prejudice Mr. Inkel's complaint for

failure to state a claim under 42 U.S.C. §§ 1983 and 1985, and granted Mr. Inkel leave to amend

his complaint (ECF No. 5). Mr. Inkel filed an Amended Complaint on January 30, 2015, seeking

declaratory and injunctive relief on behalf of himself and six minor children, bringing numerous

allegations against the three previously named defendants—the State of Connecticut, Governor

Dannel Malloy, and Chief Justice Chase Rogers—and several newly added defendants. For the

reasons stated below, the Amended Complaint is dismissed with prejudice as to Mr. Inkel's

claims and without prejudice as to his children's claims. Mr. Inkel's motion to assist in obtaining

legal representation of all minor children plaintiffs (ECF No. 13) is denied because, based on the

pleadings, the children's claims are not likely to be of substance. Mr. Inkel's motion for a

preliminary injunction and *ex parte* restraining order (ECF No. 10), and his motion for an

extension of time to file his amended complaint (ECF No. 8) are denied as moot. Mr. Inkel's

motion to alter or amend order and judgment (ECF No. 17, hereinafter "Mot. to Alter or Amend Order and J.") is denied.

## II.    LEGAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a case brought *in forma pauperis* if at any time it determines that the suit "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In evaluating whether a plaintiff has stated a claim for relief, the Court "accepts as true all factual allegations in the complaint" and draws all inferences in the light most favorable to the Plaintiff. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). The Court is also required to dismiss a case in which the plaintiff lacks standing. *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) ("If [plaintiff] lacks standing, we lack subject matter jurisdiction to entertain a request for [injunctive] relief."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

To plead a cognizable claim, Mr. Inkel's complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although facial plausibility does not require "detailed factual allegations," "'labels and conclusions' or 'formulaic recitation of the elements of a cause of action'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Because Mr. Inkel is *pro se*, his submissions are held to "less stringent standards than [those] drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, the Court must

read his Amended Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Even in a *pro se* case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citations omitted).

## III.   BACKGROUND

Mr. Inkel filed his original complaint and motion to proceed *in forma pauperis* on September 9, 2014, against the State of Connecticut, Governor Dannel Malloy, and Chase Rogers, Chief Justice of the Connecticut Supreme Court (ECF No. 1). The Court granted Mr. Inkel's motion to proceed *in forma pauperis* on December 11, 2014, but dismissed his complaint, without prejudice, for failure to state a claim (ECF No. 5). Mr. Inkel filed an Amended Complaint on January 30, 2015, on behalf of himself and six minor children (ECF No. 9, hereinafter "Am. Compl.").[1] In addition to the State of Connecticut, Governor Dannel Malloy, and Chief Justice Chase Rogers, the Amended Complaint also named the following defendants: John Doe, "Chief Administrator of the United States District Court [for the] District of Connecticut"; John Doe, "Chief Administrator of the State of Connecticut Courts"; George Jepsen, Attorney General; Richard Blumenthal, former Attorney General; Joette Katz, Connecticut Department of Children and Families Commissioner; Dora B. Schriro, Connecticut Department of Emergency Services and Public Safety Commissioner; Kevin Kane, Chief State's Attorney; John Doe, Connecticut Department of Social Services Commissioner; William Bloss; Jon Schoenhorn; and Dominic J. Squatrito, United States District Judge (together,

---

[1] A replacement document, filed on February 6, 2015 (ECF No. 9-1), lists Mr. Inkel's minor children by their initials instead of their full names in the case caption. Otherwise, this replacement document is identical to the original Amended Complaint (ECF No. 9). Annexed to the amended complaint are an affidavit, a "continuation of affidavit," and a "next section." Because Mr. Inkel is *pro se*, the Court construes—and cites—each of these documents as part of Mr. Inkel's amended complaint. *See Baldwin v. LIJ N. Shore Health System*, 392 F. Supp. 2d 479, 481 (E.D.N.Y. 2005) (treating factual allegations in affidavit and its attachments as amendments to *pro se* plaintiff's complaint).

"Defendants"). (Am. Compl. at 1-2.) Mr. Inkel's Amended Complaint states that it "seek[s] only decla[ra]tory judgments and injunctive relief."[2] (Am. Compl. at 2.)

Mr. Inkel alleges that in May of 1993, he witnessed two police officers "assault and batter then fifteen[-]year[-]old Michael Sienkiewicz." (Am. Compl. at 9.) After he complained about the police officers' conduct, he suffered various forms of mistreatment by the Colchester Police in July 1993 (Am. Compl. at 9), false and violent arrest in August 1993 (*id.* at 10), false arrest in September 1993 (*id.*), and false and violent arrest in May 1994. (*Id.* at 10-11.) According to the Amended Complaint, the Colchester Police conspired to murder him in 1994 (*id.* at 11), he was falsely arrested in Alaska in 1994 or 1995 (*id.* at 17), and he suffered retaliation for filing complaints "on or around 1995." (*Id.* at 4.) After Mr. Inkel's return to Connecticut from Alaska in 1996, he suffered "numerous assaults, stops, se[a]rches, warrantless and violent entries into [his] home, ticketing, false accusations, investigations, summons to state court and other acts of retaliation by the police." (*Id.* at 18.) He endured obstructions of justice and legal malpractice in 2000 (*id.* at 14-15), and several of his children, including A.B. and A.I. in November 2003 (*id.* at 5-6), were "abducted [or] kidnapped with . . . forged and altered court orders." (*Id.* at 12-13.) While they were in state custody, Mr. Inkel's children were allegedly abused "emotionally, physically, and sexually." (*Id.* at 6.) He alleges that he continued to suffer

---

[2] Since filing his Amended Complaint, Mr. Inkel has made several other filings. On February 3, 2015, he filed a motion for a preliminary injunction and *ex parte* restraining order (ECF No. 10, hereinafter "Mot. Prel. Inj."). On February 20, 2015, he filed a motion to assist in obtaining legal representation of all minor children plaintiffs (ECF No. 13). On March 12, 2015, he filed a notification that his Amended Complaint was not complete (ECF No. 14). Mr. Inkel filed no further amendments to supplement the Amended Complaint after that date, however. Mr. Inkel subsequently filed an emergency motion for a preliminary injunction related to an eviction proceeding on April 27, 2015 (ECF No. 15), which the Court denied on April 28, 2015 (ECF No. 16). Mr. Inkel then filed a motion to alter or amend order and judgment on May 7, 2015 (ECF No. 17).

additional abductions, abuse, and misconduct in 2004.[3] (*Id.* at 5-6.) Mr. Inkel also alleges that, "on behalf of the defendants[,] Judge David P. Gold issued a criminal protective order upon me this past summer and falsely stated in the order that I had notice and an opportunity to be heard." (Am. Compl. at 4.) In his motion for preliminary injunction and *ex parte* restraining order, Mr. Inkel claims that prosecutors have been falsely prosecuting him and withholding exculpatory evidence "for at least the past 6 months." (Mot. Prel. Inj. at 11.)

## IV.   DISCUSSION

### A. Standing

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Id.* at 1147 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending." *Id.* "Thus, we have repeatedly reiterated that 'threatened injury must be certainly impending to constitute injury in fact,' and that '[a]llegations of possible future injury' are not

---

[3] Mr. Inkel has brought all of these claims in prior suits, including against some of the defendants named in the present suit. In a 2004 case, the District Court dismissed as time-barred "nearly all" of Mr. Inkel's claims relating to the same instances of police misconduct alleged here. *Inkel v. Bush*, No. 3:04CV69 (JBA), 2004 WL 2381747 at *6 (D. Conn. Oct. 19, 2004). The current claims relating to the treatment and custody of Mr. Inkel's children are substantially the same as those brought by Mr. Inkel and dismissed in their entirety in *Inkel v. Connecticut Dep't of Children & Families*, 421 F. Supp. 2d 513 (D. Conn. 2006). Because Mr. Inkel's Amended Complaint must be dismissed for lack of standing and failure to state a claim, the Court does not reach the issues of claim preclusion or the statute of limitations.

sufficient." *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). In cases such as this one seeking prospective relief, "'past exposure to illegal conduct' does not suffice if it is 'unaccompanied by any continuing, present adverse effects.'" *Walker v. Quiros*, No. 3:11-CV-00082 MPS, 2014 WL 7404550, at *15 (D. Conn. Sept. 30, 2014) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 95-96 (1983)). The party invoking federal jurisdiction has the burden of establishing his standing. *Cent. State Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 198 (2d Cir. 2005).

Because "[s]tanding 'is an essential and unchanging part of the case-or-controversy requirement of Article III' . . . [i]f plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*." *Id.*

As set forth above, most of the factual allegations in the Amended Complaint describe conduct that occurred between 1993 and 2004—over a decade ago. As to almost every allegation of illegal conduct, Mr. Inkel fails to plead any facts that would provide a basis for believing that the defendants might engage in such conduct in the future. Mr. Inkel pleads no facts, for example, that would suggest that abduction and abuse of his minor children—which, according to the Amended Complaint, last occurred in 2004—are likely to recur. Nothing in the pleadings suggests there is a "certainly impending" threat that any of the defendants—none of whom bear any connection to the officers involved in the confrontations from approximately two decades ago—will in the future unlawfully arrest, physically injure, or conspire to murder Mr. Inkel. Finally, there are no allegations suggesting that any of the defendants—none of whom are alleged to have a role in any other pending litigation involving Mr. Inkel—is likely to commit

malpractice, obstruct justice, fabricate evidence, or otherwise unlawfully cause injury to Mr.

Inkel in the future. Mr. Inkel does not specify any "certainly impending" injury for which he

seeks relief, nor does he specify the actions he seeks to enjoin. *Whitmore*, 495 U.S. at 158. Mr.

Inkel therefore lacks standing to sue for declaratory and injunctive relief for nearly all of his

claims. To be sure, the Amended Complaint does include conclusory allegations to the effect that

past harms will "continue" (Am. Compl. at 8, 15), but it supplies no factual allegations—of

recent or ongoing conduct, for example—to support them.

Only two of Mr. Inkel's allegations—(1) that "this past summer" Judge David P. Gold

violated Mr. Inkel's procedural rights and then provided false information in an order (Am.

Compl. at 4) and (2) that prosecutors falsely prosecuted and withheld evidence from Mr. Inkel

"for the past 6 months" (Mot. Prel. Inj. at 11)—come close to showing imminent harm. For the

reasons discussed below, however, those remaining allegations must be dismissed for failure to

state a claim.

**B. Failure to State a Claim**

Mr. Inkel's remaining allegations must be dismissed for failure to state a claim on which

relief can be granted. As to the first allegation, Mr. Inkel has not named Judge Gold, a

Connecticut Superior Court judge, as a defendant in this action. In addition, Mr. Inkel has not

pleaded any specific facts to support the inference that Judge Gold denied him notice and the

opportunity to be heard or that Judge Gold deprived him of any federal rights.

With respect to the second allegation, Mr. Inkel has failed to allege any direct connection

between any of the defendants in this suit and false prosecution or withholding of evidence.

Although district courts in this Circuit have not required plaintiffs seeking only declaratory and

injunctive relief to allege personal involvement of defendants sued in their official capacity,

*Gray v. Comm'r of Correction*, No. 3:10CV1998 JBA, 2014 WL 1316112, at *6 (D. Conn. Mar. 31, 2014), the official sued must still have "a direct connection to, or responsibility for, the alleged illegal action." *Murray v. Breslin*, No. 13-CV-3239 CBA LB, 2015 WL 502225, at *6 (E.D.N.Y. Feb. 5, 2015) (quoting *Davidson v. Scully*, 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001). Such connection or responsibility is possible "only in circumstances where the state official has the authority to perform the required act." *Brisco v. Rice*, No. 11-CV-578 JFB ETB, 2012 WL 253874, at *4 (E.D.N.Y. Jan. 27, 2012) (quoting *Loren v. Levy*, No. 00 CIV. 7687 (DC), 2001 WL 921173, at *6 (S.D.N.Y. Aug. 14, 2001). But "'general authority to enforce the laws of the state is not sufficient' to name a state officer as a defendant in an action challenging a law." *HealthNow New York, Inc. v. New York*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010) (quoting *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996)) *aff'd*, 448 F. App'x 79 (2d Cir. 2011); *see also McCluskey v. Comm'r of Nassau Cnty. Dep't of Soc. Servs.*, No. 12-CV-3852 JFB ETB, 2013 WL 4780954, at *8 (E.D.N.Y. Sept. 5, 2013) ("While plaintiff has stated that the [Office of Temporary and Disability Assistance ("OTDA")] Commissioner is responsible for the overall operation of OTDA, this allegation, standing alone, is insufficient to demonstrate that the OTDA Commissioner ha[d] a direct connection to, or responsibility for, the alleged illegal action.") (internal quotation marks omitted); *Kuck v. Danaher*, 822 F. Supp. 2d 109, 141 (D. Conn. 2011) ("Plaintiffs have failed to demonstrate that [Department of Public Safety] Defendant Commissioner Thomas has a special connection to the enforcement of or any authority over the appeals process before the Board [of Firearms Permit Examiners].").

The only defendant with even a remote connection to the prosecutors' actions is Kevin Kane ("Mr. Kane"), currently the Chief State's Attorney for Connecticut.[4] Mr. Inkel has not pleaded facts, however, showing that Mr. Kane is directly connected to, or responsible for, the alleged violations. Mr. Kane's name appears once in the Amended Complaint, in a list of people to whom Mr. Inkel complained about unlawful police conduct between July 1993 and August of 1994 (Am. Compl. at 10), long before Mr. Kane became the Chief State's Attorney. As Chief State's Attorney, Mr. Kane is responsible for administering the State Division of Criminal Justice, but, with exceptions not relevant here, he is not responsible for prosecuting individual cases within the various judicial districts. Conn. Gen. Stat. § 51-279. It is the local State's Attorney for each judicial district that bears the latter responsibility. Conn. Gen. Stat. §51-286a.[5] Mr. Inkel's allegations therefore fail to state a claim.

**C. Equal protection claims**

Mr. Inkel argues that the U.S. District Court for the District of Connecticut deprives him and his children of their equal protection rights because the fee waiver process for *pro se* plaintiffs discriminates against those who are economically disadvantaged by allowing dismissal of their claims before service upon, or reply from, the defendants. (Am. Compl. at 3.) But "the power of district courts to *sua sponte* dismiss meritless actions is well-established." *Graham v. Bank of Am.*, 432 F. App'x 41 (2d Cir. 2011) (affirming dismissal of plaintiff's suit under § 1915(e)(2)(B)(ii) and collecting cases rejecting constitutional challenges to § 1915(e)(2)(B)(ii) in

---

[4] *Office of the Chief State's Attorney, About the Chief State's Attorney* (2013), http://www.ct.gov/Csao/cwp/view.asp?a=1795&q=285516#About.

[5] Conn. Gen. Stat. § 51-286a states:
    (a) Each state's attorney, assistant state's attorney and deputy assistant state's attorney shall diligently inquire after and make appropriate presentment and complaint to the Superior Court of all crimes and other criminal matters within the jurisdiction of the court or in which the court may proceed, whether committed before or after his appointment to office.

the Eighth and Eleventh Circuits). And it is not limited to cases in which the plaintiff cannot afford to pay the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee . . . ."). Further, the Court has the obligation to dismiss cases over which it lacks jurisdiction. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).

### D. Claims Brought on Behalf of Mr. Inkel's Children

The Court may not "make a merits determination of claims filed on behalf of a minor . . . who is not properly represented." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Where no party raises the issue, the district court is required to address it *sua sponte*. *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) *overruled on other grounds by Winkelman v. Parma City School District,* 550 U.S. 516 (2007). The Second Circuit has held that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others.") (internal citation omitted). Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." The Court may exercise its discretion not to appoint counsel on a number of grounds, including its determination that "the indigent's chances of success are extremely slim." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citing standards for district courts to consider in deciding whether to appoint counsel).

As a non-attorney parent, Mr. Inkel cannot represent his children in this action. Mr. Inkel claims that the prohibition against parents bringing *pro se* suits on behalf of minor children violates the children's right to equal protection and the Constitution generally. But "[t]here is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian." *Cheung*, 906 F.2d at 61. For the reasons provided above, the Court finds that Mr. Inkel's claims on behalf of his children are not "likely to be of substance" and therefore declines to appoint counsel for Mr. Inkel's children. *See Dunbar v. Colasanto*, No. 305CV1234 (CFD), 2006 WL 798883, at *1 (D. Conn. Mar. 24, 2006) (declining to appoint counsel where claims brought by parent on behalf of children were not "likely to be of substance" and quoting *Hodge*, 802 F.2d at 61). The Court's dismissal of Mr. Inkel's claims with prejudice does not, however, bar the re-filing of claims by his children, provided that they are properly represented. *See Sanchez v. United States*, No. 10 CIV. 6905 MHD, 2013 WL 2368011, at *2 (S.D.N.Y. May 28, 2013) (dismissing *pro se* parent's claims with prejudice and plaintiff's child's claims without prejudice); *S.B. ex rel. J.B. v. Suffolk Cnty.*, No. 13-CV-446 JS AKT, 2013 WL 1668313, at *3 (E.D.N.Y. Apr. 17, 2013) (same).

### E. Motion to Alter or Amend Order and Judgment

Mr. Inkel has brought a motion "pursuant to Rule 59(e)" (ECF Doc. 17) to alter or amend the Court's order denying Mr. Inkel's *ex parte* motion for preliminary injunction (ECF No. 16). As an initial matter, because Mr. Inkel is not seeking relief from a final judgment, the Court construes his motion as a motion for reconsideration brought pursuant to Rule 54(b). *See McGee v. Dunn*, 940 F. Supp. 2d 93, 98 n.2 (S.D.N.Y. 2013) (construing Plaintiff's motion brought under Rules 59(e) and 60(b) as a motion for reconsideration pursuant to Rule 54(b) where final judgment had not yet been entered in the case). "The standard for granting a motion

to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-00752-RRM-LB, 2011 WL 839505, at *2 (E.D.N.Y. Mar. 7, 2011) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal punctuation omitted). To the extent that the motion constitutes a second attempt to obtain a preliminary injunction staying eviction proceedings against him in state court, Mr. Inkel has again failed even to attempt to show that his case falls under an exception to the Anti-Injunction Act.[6] The motion is therefore denied.[7]

Despite its title, however, Mr. Inkel's motion appears to attempt to initiate a class action suit "on behalf of similarly situated socially, economically, educationally, and legally defenseless classes of people" challenging the constitutionality of Connecticut's eviction procedures. (Mot. to Alter or Amend Order and J. at 2.) Such a challenge appears to be unrelated to the allegations of his Amended Complaint (even broadly construed) and thus beyond the scope of this action.

## V.    CONCLUSION

For the reasons stated above, Mr. Inkel's claims must be dismissed in their entirety for lack of subject matter jurisdiction and failure to state a claim. Given Mr. Inkel's failure to state a claim even after being given an opportunity to amend his complaint, it would be futile to allow

---

[6] The Court stated in its order: "The Anti-Injunction Act provides that a district court 'may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.' 28 U.S.C. § 2283. Plaintiff has not demonstrated that any of these limited exceptions apply, and 'the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding,' *Mitchum v. Foster,* 407 U.S. 225, 243 (1972), compel this Court not to issue an injunction staying the state court eviction action." (ECF No. 16.)

[7] Mr. Inkel, who is "illegally locked out presently" (ECF No. 17 at 6), may already have been evicted, in which case his motion would also be moot. *See Adams v. Standard Fed. Bank*, 371 F. App'x 187, 188 (2d Cir. 2010) ("Adams concedes that she has been evicted from these premises. Accordingly, this appeal is moot with respect to both the denial of Adams's motion for a preliminary injunction and the denial of her motion for reconsideration.").

him further opportunity to amend. "Although the Federal Rules provide that the court should 'freely give leave [to amend] when justice so requires,' Fed. R. Civ. P. 15(a)(2), the court may deny leave to amend when it would be futile, or when the substance of the claim to be amended is frivolous on its face." *Sementes v. Gen. Elec. Co.*, No. 3:14-CV-00131-VLB, 2014 WL 2881441, at *15 (D. Conn. June 25, 2014) (citing *Owens v. Shields*, 34 Fed. App'x. 33, 35 (2d Cir. 2002)). Mr. Inkel's claims are therefore dismissed with prejudice and leave to amend is DENIED. Mr. Inkel's children's claims are dismissed without prejudice. Mr. Inkel's motion to assist in obtaining legal representation of all minor children plaintiffs (ECF No. 13) is DENIED. Mr. Inkel's motion for a preliminary injunction and *ex parte* restraining order (ECF No. 10), and his motion for an extension of time to file his amended complaint (ECF No. 8) are DENIED as moot.  Mr. Inkel's motion to alter or amend order and judgment (ECF No. 17) is DENIED. The Clerk is directed to close this case.

IT IS SO ORDERED.

_____/s/_____

Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
              July 2, 2015